**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JERALD WEKAR | : | CIVIL ACTION NO. |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| LIFE INSURANCE COMPANY OF | : | |
| NORTH AMERICA | : | |
| *Defendant* | : | |

## CIVIL ACTION COMPLAINT

Now comes the Plaintiff, JERALD WEKAR, by and through his undersigned counsel, and complains against the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, and states:

## I.   PARTIES

1.      The plaintiff, Jerald Wekar ("Wekar" or "Plaintiff"), age 62 (born 1963), is a resident of New York, and resides at 157 Teter Road, Preston Hollow, New York 12469.

2.      Defendant, Life Insurance Company of North America ("LINA"), is a subsidiary of New York Life Insurance Company with its headquarters in Philadelphia, Pennsylvania. At all times relevant hereto, LINA was doing business throughout the United States and within the Eastern District of Pennsylvania.

## II.   JURISDICTION AND VENUE

3.      Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(e)(1) and 1132(f), which encompasses the subject Group Long-Term Disability Plan under which Plaintiff was covered.

4. The amount in controversy in this action is in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant is subject to personal jurisdiction in this district.

6. Plaintiff has exhausted all administrative remedies pursuant to the Plan's policy documents.

III. **STATEMENT OF CLAIMS**

7. This action is brought as a claim for long-term disability benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Wekar seeks payment of long-term disability benefits due under a group policy of insurance, number LK-0966002 ("the Policy"), issued by LINA for the benefit of employees of CSX Corporation.

8. The Policy provides payment of monthly disability income benefits for participants who meet the definition of Disability.

9. At all times relevant hereto, the Policy constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)).

10. Incident to his employment with CSX Corporation, Wekar received coverage under the Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

11. Immediately prior to ceasing work, Wekar was successfully employed as a Track Analyst Manager for CSX Corporation.

12. Since 2023, Wekar has been diagnosed with and/or has suffered from multiple debilitating and severe cardiac conditions, including dilated cardiomyopathy, ischemic cardiomyopathy following a previous ST elevation myocardial infarction (STEMI), heart failure

with reduced ejection fraction (HFrEF) limited by shortness of breath, with an ejection fraction between 35% and 39%, and Class III congestive heart failure according to the New York Heart Association (NYHA) classification. These conditions led to the placement of an automatic implantable cardioverter-defibrillator (AICD) due to the risk of sudden cardiac death and have significantly impaired his heart function.

13.     Additionally, Wekar suffers from coronary artery disease (CAD) complicated by peri-infarct arrhythmias, a history of ventricular tachycardia, mixed hyperlipidemia, and prostate cancer, further contributing to his overall medical fragility and inability to perform the duties of his occupation or any other gainful employment.

14.     Plaintiff has been prescribed multiple cardiac and related medications, including low-dose aspirin 81 mg, Farxiga 10 mg for heart failure, spironolactone 25 mg for heart palpitations, metoprolol succinate 50 mg, sacubitril/valsartan 49/51 mg (having at times taken the brand-name Entresto), and atorvastatin 80 mg as part of his cardiac treatment regimen. He has also been prescribed tamsulosin and finasteride for his prostate and fluoxetine 20 mg for anxiety and nervous tension related to his serious cardiac condition and concerns about his prognosis. Despite this complex medical regimen, Plaintiff remains unable to meet the physical demands of his railroad occupation or any other gainful employment.

15.     As a result of his ongoing symptoms, Plaintiff last worked at CSX Corporation as a Track Analyst Manager on or about December 19, 2022.

16.     On or about January 22, 2023, Wekar attempted to return to work. However, CSX Transportation's Medical Department, through its consulting physician, Dr. Craig Heligman, reviewed his Attending Physician's Return to Work form and advised that he was not cleared to return to full-duty work, limiting him instead to sedentary work with restrictions and prohibiting

him from operating company vehicles or working on track equipment. CSX further advised that he would not be considered for full-duty return until at least one year after his ICD implantation and only if he met specified cardiac benchmarks, and as a result he was unable to resume his work as a Track Analyst Manager.

17.    Plaintiff received short-term disability ("STD") benefits under the Policy from December 19, 2022 through June 30, 2023. After expiration of the Policy's elimination period in or about June 2023, Defendant approved Plaintiff's claim for long-term disability ("LTD") benefits and began paying LTD benefits.

18.    Despite his inability to work, on November 9, 2023, Plaintiff received a letter from Defendant denying his claim for long-term disability benefits beyond November 18, 2023.

19.    On or about December 6, 2023, Plaintiff filed an appeal of the Defendant's decision to deny his long-term disability benefits.

20.    On March 11, 2024, Defendant notified Plaintiff that it would uphold its prior decision to deny long-term disability benefits.

21.    Despite evidence from multiple treating providers and other supporting evidence, Defendant denied Plaintiff's claim for long-term disability benefits.

22.    Defendant denied Plaintiff long-term disability benefits despite the opinion of his treating cardiologist, Dr. Ellen Wang, who, in a Physical Ability Assessment, restricted Plaintiff from returning to work due to ischemic cardiomyopathy from prior myocardial infarctions and the presence of an implantable cardioverter-defibrillator placed to prevent sudden cardiac death.

23.    Defendant further denied Plaintiff long-term disability benefits despite the opinion of his treating physician, Dr. Johnson, who, in a Physician's Statement and Physical

Ability Assessment dated September 20, 2023, documented diagnoses including atherosclerotic cardiovascular disease, myocardial infarctions, coronary artery disease, cardiac dysrhythmia, and NYHA class III congestive heart failure, confirmed ongoing functional restrictions, and reported that Plaintiff's railroad employer would not allow him to return to work.

24.    Since November 19, 2023, Defendant has failed and refused to provide Plaintiff with the long-term disability benefits to which he is legally entitled, despite the fact that Plaintiff remains disabled from working.

**COUNT I**
**VIOLATION OF ERISA**

25.    Plaintiff hereby incorporates by reference all the foregoing paragraphs within the Complaint as though the same were fully set forth at length herein.

26.    Plaintiff's current and anticipated disability has continuously and persistently prevented him from performing the material and substantial duties of any occupation.

27.    Because of the aforesaid disability, Plaintiff has a right to benefits under Defendant's aforementioned long-term disability policy, and, to date, the Defendant has failed and refused to provide long-term disability benefits to Plaintiff beyond November 19, 2023.

28.    By denying benefits under the aforementioned policy, the Defendant breached Plaintiff's rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq*.

29.    As a result of the Defendant's aforesaid ERISA violations, Plaintiff is entitled to monetary damages.

WHEREFORE, Plaintiff demands judgment against the Defendant, and requests that this Honorable Court:

A.      Enter judgment in Plaintiff's favor and against the Defendant;

B.       Order the Defendant to pay all accrued long-term disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled, with interest;

C.      Order the Defendant to continue paying Plaintiff long-term disability benefits in an amount equal to the contractual amount of benefits to which he is entitled, through the Policy's Maximum Benefit Period;

D.      Award Plaintiff attorney's fees and costs pursuant to 29 U.S.C. § 1132(g); and

E.      Award Plaintiff any and all other contractual and/or equitable relief to which he may be entitled.


Respectfully submitted,

**Swartz Culleton Ferris Trial Lawyers**


By:     /s/ Larissa K. Staszkiw
        Larissa K. Staszkiw, Esquire
        Attorney ID No. 318362
        547 E. Washington Ave.
        Newtown, PA 18940
        T: (215) 550-6553
        F: (215) 550-6557
        lstaszkiw@swartzculleton.com

        Attorney for Plaintiff

Date: June 26, 2026

## **CERTIFICATION**

Pursuant to the requirements of Rule 4:5-1 (NOTICE OF OTHER ACTIONS), I, the undersigned, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated;

1. OTHER ACTIONS PENDING?.............................YES ___ NO __X__
 A. If YES - Parties to other Pending Actions.

 B. In my opinion, the following parties should be
 joined in the within pending Cause of Action.

2. OTHER ACTIONS CONTEMPLATED?.......................YES____NO _X__
 A. If YES - Parties contemplated to be joined, in
 other Causes of Action.

3. ARBITRATION PROCEEDINGS PENDING?...................YES ___ NO __X_
 A. If YES - Parties to Arbitration Proceedings.

 B. In my opinion, the following parties should be
 joined in the pending Arbitration Proceedings.

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED?........YES ___ NO _X__
 A. If YES - Parties contemplated to be joined to
 Arbitration Proceedings.

In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

By:    /s/ Larissa K. Staszkiw
       Larissa K. Staszkiw, Esquire
       Attorney ID No. 318362
       547 E. Washington Ave.
       Newtown, PA 18940
       T: (215) 550-6553
       F: (215) 550-6557
       lstaszkiw@swartzculleton.com

       Attorney for Plaintiff

Date: June 26, 2026